UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————x

UNITED STATES OF AMERICA,

       -against-

Plutarco Angulo-Aguirre, Rafael Rodriguez,
Angel Diaz, Victor Diaz, Saile Parra and
Jorge Cedeno,
                 Defendants.

———————————————————————————x

```
┌──────────────────────────────────────┐
│ USDS SDNY                             │
│ DOCUMENT                              │
│ ELECTRONICALLY FILED                  │
│ DOC #:                                │
│ DATE FILED:  3|14|08                  │
└──────────────────────────────────────┘
```

S4 07 Cr. 387 (CM)

DECISION AND ORDER ON DEFENDANTS'S SUPPRESSION
AND DISCOVERY MOTIONS

McMahon, J.:

      Defendants Plutarco Angulo-Aguirre, Rafael Rodriguez, Angel Diaz, Victor Diaz, Saile

Parra, and Jorge Cedeno are charged in an eight-count superseding indictment (S4 07 Cr. 387), with

conspiracy to commit kidnaping and robbery and other related offenses.[1]  Defendants have filed

various pretrial motions asking the Court to suppress certain evidence and to issue orders regarding

discovery, specifically:

      Defendant Rafael Rodriguez asks this Court for an order suppressing physical evidence

seized on January 3, 2007.

      Defendant Cedeno asks the Court to suppress certain post-arrest statements.

      Defendants Angel Diaz, Victor Diaz and Jorge Cedeno move to suppress any in-court

identifications, identification testimony or evidence derived from various photographic arrays.

      Defendants Angel Diaz and Victor Diaz also each move the Court to sever his trial from that

———————————————————————————

     [1] Defendants German Cuadrado, Jorge Flores, and Juan Camacho, who were previously
charged under this Indictment number, have pleaded guilty.  Defendant Saile Parra did not file
any motions.

of his co-defendants.

Defendants Plutarco Angulo-Aguirre, Angel Diaz, Victor Diaz, and Jorge Cedeno ask the Court for various discovery orders and evidentiary rulings, including: (1) an order for a Bill of Particulars; (2) an order directing the Government to produce extraordinary additional and/or early discovery, including, inter alia, Giglio, Brady, and Jencks Act material, as well as early disclosure of its witness list and 404(b) material; (3) an order directing the Government to disclose all statements by the co-defendants; (4) an order requiring disclosure of the identity of Government informants; (5) an order precluding the Government from impeaching defendants' credibility with evidence of prior convictions or bad acts; (6) an order requiring the preservation of notes and memoranda prepared by law enforcement officers; (7) an order requiring the Government to disclose polygraph reports and (8) an order permitting defendants to file further motions and to join in the motions of his co-defendant.

Rafael Rodriguez's Motion to Suppress Physical Evidence

Rafael Rodriguez has moved to suppress physical evidence that was recovered from a car he was a passenger in on or about January 3, 2007, including a knapsack containing two guns, ammunition, a black face mask, gloves, and plastic flex-ties. See Rodriguez Pretrial Mot. 5.

Judge Briant has previously ordered a suppression hearing held on this issue. Indeed, the Government concedes that an evidentiary hearing is necessary to resolve the factual dispute raised by defendant's motion.

The hearing is scheduled for April 2, 2008, at 10:00a.m.

Cedeno's Statements

Cedeno seeks an order suppressing certain statements he made on the day of his arrest.

-2-

See Cedeno Notice of Mot. at 1 and Ex. E (Cedeno Aff.), Mem. of Law at 4-5. The Government concedes that Cedeno had not received warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), when he made the statements in question, and as, such, those statements are not admissible in the Government's case-in-chief at trial. Id. at 492. Accordingly the Government will not be permitted to introduce any evidence about Cedeno's post arrest statements.

Should Cedeno take the stand in his own defense at trial and make assertions that are contradictory to the statements, the Government will be permitted to confront Cedeno with those statements on cross-examination. See, e.g., United States v. Griffith, 385 F.3d 124, 126 (2d Cir. 2004); Varela v. Marshall, 520 F. Supp. 2d 471, 477 (S.D.N.Y. 2007).

### Motions Challenging the Photo Arrays

Angel Diaz and Victor Diaz move to suppress any in-court identifications at trial that are based on what they term to be an "impermissibly suggestive" photographic identification procedure conducted in this case using a photographic array, or in the alternative, for a hearing to determine the circumstances under which the identifications were made. See Angel Diaz Notice of Mot. at 2, Fufidio Aff. ¶ 6, Mem. of Law at 7-8; Victor Diaz Notice of Mot. at 2, Burke Aff. ¶ 6, Mem. of Law at 5-6. Jorge Cedeno moves to suppress identification testimony and evidence derived from a photographic array containing his image. See Cedeno Not. of Mot. at 1; Mem. of Law at 5-6.

When assessing challenges to identification procedures, courts follow a two-step process. First, the reviewing court must determine whether the pretrial identification procedure was "unduly suggestive of the suspect's guilt." United States v. Maldonado-Rivera, 922 F.2d 934, 973 (2d Cir. 1990). Improper suggestion can result from either the composition of a photo array or from the manner in which law enforcement authorities conducted an identification procedure. See,

-3-

e.g., United States v. Padilla, No. S1 94 Cr. 313 (CSH), 1994 U.S. Dist. LEXIS 17395, at *20 (Dec. 5, 1994). If the Court finds that the pretrial identification procedure was not suggestive, no further inquiry is required. However, if the pretrial procedure is deemed suggestive, the Court still may allow a subsequent in-court identification if it finds the in-court identification to be "independently reliable rather than the product of the earlier suggestive procedures." Maldonado-Rivera, 922 F.2d at 973; see also United States v. Thai, 29 F.3d 785, 808 (2d Cir. 1994) (collecting cases).

To obtain a hearing challenging the suggestiveness of an identification procedure, defendants must meet the burden of stating "'sufficient facts which, if proven, would [] require [] the granting of the relief requested.'" United States v. Richardson, 837 F. Supp. 570, 573 (S.D.N.Y. 1993) (quoting United States v. Culotta, 413 F.2d 1343 (2d Cir. 1969)).

Neither Angel Diaz nor Victor Diaz challenges the substance of the photo arrays that were used, nor do they make any factual showing to support their claim that the identification procedures in this case were impermissibly suggestive. Each simply states that a photo array was used and request suppression based on that fact, or in the alternative, request a hearing to explore the circumstances of the identification procedure. See Angel Diaz Notice of Mot. at 2, Fufidio Aff. ¶ 6, Mem. of Law at 7-8; Victor Diaz Notice of Mot. at 2, Burke Aff. ¶ 6, Mem. of Law at 5-6.

Accordingly, the defendants Diaz have failed to make a threshold factual showing of impropriety or suggestiveness in order to merit an evidentiary hearing. See, e.g., United States v. Ruggiero, 824 F. Supp. 379, 396 (S.D.N.Y. 1993).

Cedeno claims that his photo array was suggestive because his photograph is the only photograph in the array with a white background, "suggesting to the identifying witness that the accused was more likely to be the culprit." See Cedeno Not. of Mot. at 1; Mem. of Law at 5-6.

-4-

The Court has viewed a color copy of Cedeno's photo array. Each of the six photographs in the array depicts a frontal, shoulders-up view of an African-American male, with skin-tone that can be fairly characterized as medium in hue, a moustache, some facial hair, dark-colored eyes, and closely cropped hair. All men appear to be similar in age. As photo arrays go, the Court finds the Cedeno array to be one of the better efforts by law enforcement to ensure that an array include persons with similar characteristics as the suspect. Indeed, Cedeno acknowledges that the facial characteristics of the individuals in the array are similar, and does not argue suggestiveness, based on dissimilar fillers. See Cedeno Mem. of Law at 5.

Cedeno makes much of the fact that his picture was the only one with a white background. In fact, the background of Cedeno's photograph is actually greyish white. The backgrounds of the photographs in boxes 1, 3, 4, and 5 are varying shades of grey. The photograph in box 6 has a blue background. If the Court were to credit Cedeno's argument, the viewer would have been drawn, if at all, to the photograph with the blue background. For that matter, the individual in Box 4 is the only individual wearing a red shirt. The individual in Box 5 is the only individual with an earring. The individual in Box 2 is the only individual wearing a collared shirt. The individual in Box 1 is the only individual whose head is tilted to the left. A witness might be drawn to any of those individuals because of a minor difference in his photograph from the others just as easily as he or she might be drawn to Cedeno because of the different color of the background in his photograph. While there are minor differences in the Cedeno array, none of the differences (including the shade of Cedeno's background) suggests to the viewer that one photograph should be selected over the other. See, e.g., United States v. Bautista, 23 F.3d 726, 731 (2d Cir. 1994).

Accordingly, Cedeno has failed to make a threshold factual showing of suggestiveness in

order to merit an evidentiary hearing. See, e.g., Ruggiero, 824 F. Supp. at 396.

Severance

Angel Diaz and Victor Diaz each move for an order severing his trial from the other defendants. See Angel Diaz Notice of Mot. at 2, Fufidio Aff. at 2, Mem. of Law at 4-5; Victor Diaz Notice of Mot. at 2, Burke Aff. at 1-2, Mem. of Law at 2-3. Both argue that they will suffer prejudicial spillover from the fact that neither of them is accused of participating in all of the three robbery/kidnappings alleged in the Superseding Indictment.

Rule 14 provides in pertinent part:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Notwithstanding the broad discretion that the text of Rule 14 appears to afford the district court, the Second Circuit has stated that, "The principles that guide the district court's consideration of a motion for severance usually counsel denial." United States v. Rosa, 11 F.3d 315, 341 (2d Cir. 1993). A defendant seeking severance shoulders the "extremely difficult burden" of showing that he would be so prejudiced by joinder that he would be denied a fair trial. United States v. Casamento, 887 F.2d 1141, 1149 (2d Cir. 1989) (internal quotation marks omitted). It is not enough for a defendant to show that he "may have a better chance of acquittal in [a] separate trial[]." Zafiro v. United States, 506 U.S. 534, 540 (1993). Instead, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539; see also United States v. Panza, 750 F.2d 1141, 1149 (2d Cir. 1984).

-6-

The presumption in favor of joint trials "is particularly strong where, as here, the defendants are alleged to have participated in a common plan or scheme." United States v. Salameh, 152 F.3d 88, 115 (2d Cir. 1998). In conspiracy cases, a claim of "prejudicial spillover" does not justify severance if the evidence sought to be severed, would be admissible at a separate trial of the moving defendant. Rosa, 11 F.3d at 341 (citations omitted). Of course, undue "prejudice" may occur "when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper. This is an unlikely occurrence when all the defendants are charged under the same conspiracy count." Salameh, 152 F.3d at 115 (citation omitted).

In the present case, both Angel and Victor are implicated in the bulk of the criminal conduct charged in the Superseding Indictment. Both men are charged in the kidnapping and armed robbery conspiracies (Counts One and Four of the Superseding Indictment). Angel Diaz is charged with participating in one of the three robbery/kidnappings (Counts One, Two, Four, and Five), and with brandishing a firearm in the course of that robbery/kidnapping (Count Seven). Victor Diaz is charged with participating in two of the three robbery/kidnappings (Counts One, Two, Four, and Five).[2] Each defendant accused of participating in the charged conspiracy will undoubtedly be "'unified by some substantial identity of facts or participants and a common plan.'" United States v. Freyer, 333 F.3d 110, 114 (2d Cir. 2003) (quoting United States v. Attenasio, 870 F.2d 809, 815

---

[2] According to the Government, Victor Diaz's statement that his "alleged involvement in this case is limited to a September 13, 2006 incident involving a truck hijacking," Burke Aff. ¶ 5, Victor Diaz Mem. of Law at 2-3, is incorrect. The Government alleges that Victor Diaz is charged with both kidnapping conspiracy and armed robbery conspiracy, and is alleged to have participated in two out of the three robbery/kidnappings – those occurring on September 13, 2006 and November 14, 2006.

(2d Cir. 1989)). Therefore, most, if not all, the evidence admitted at a joint trial with all the defendants, would also be admissible in a separate trial of either Angel or Victor. As such, Angel's and Victor's claims of prejudicial spillover are unfounded. Separate trials would only serve to waste judicial resources.

Should it later be determined that any actual prejudicial spillover might arise, that can be cured by instructions to the jury. Zafiro, 506 U.S. at 540; see also Freyer, 333 F.3d at 114; United States v. Chang An-Lo, 851 F.2d 547, 556 (2d Cir. 1988).

Accordingly, Diaz severance motions are denied.

### Discovery Motions

Defendants Plutarco Angulo-Aguirre, Angel Diaz, Victor Diaz, and Jorge Cedeno ask the Court for various discovery and evidentiary orders. The following rulings apply to all defendants:

#### (1) Bill of Particulars

It is well established that the proper scope and function of a bill of particulars is to provide sufficient information about the nature of the charge to enable a defendant to prepare for trial, to avoid unfair surprise, and to preclude a second prosecution for the same offense. Fed. R. Crim. P. 7(f); United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." Torres, 901 F.2d at 234 (internal quotation marks omitted).

In the present matter, the Superseding Indictment details where and when each truck was robbed; the contents of each truck; the fact that each robbery was armed; the locations where the kidnapped victims were transported; and the names of the indicted perpetrators of each hijacking and

-8-

kidnapping. The kidnapping conspiracy count enumerates overt acts that the defendants are accused of committing in furtherance of that conspiracy.

In addition to the detailed indictment, the Government represents that it has provided the defendants with the following additional discovery: the second Superseding Indictment; results of a DNA test from the truck hijacked on or about November 13, 2006; bills of lading from the truck hijacked on or about November 13, 2006; printouts of documents tracking movements of the truck hijacked on or about November 13, 2006; bills of lading for the truck hijacked on or about November 14, 2006; printouts of documents tracking movements of the truck hijacked on or about November 14, 2006; telephone records from September 2006 and November 2006; United States Marshals Service intake form. The Government states that it has also made available for inspection photographs taken of the crime scenes, victims, and evidence from each of the three robbery/kidnappings; copies of cell site information and telephone records dating from September 2006 and November 2006; and a photograph of items seized from the truck of a vehicle occupied by Rodriguez and Jorge Flores on or about January 3, 2007. The Government represents that it made certain defendants aware that victims in the case were unable to identify their photographs from a photo array.

The Government further represents that Cedeno also received copies of agent notes taken during interviews with Cedeno on or about January 3, 2007 and February 9, 2007; copies of documents in Cedeno's possession when he was arrested on November 15, 2007; and copies of a Miranda waiver form and a consent to search form signed by Cedeno on November 15, 2007.

The Court is satisfied that the Superseding Indictment in this case – read in conjunction with the abundant discovery the Government has made available to the defense – provides defendants

-9-

with adequate notice of the precise nature of the charges against them, to enable each of them to prepare his defense, avoid unfair surprise at trial, and preclude a second prosecution for the same offense.

Accordingly, the Court will not require the Government to provide defendants with a bill of particulars.

### (2) Giglio, Brady, and Jencks Act material

Based on the Government's representation that it is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963), that it has disclosed all such information to date, and that the Government will continue to provide such information to the defendant in a timely fashion (G. Memo at 14-15), this Court will not issue an order compelling the production of such materials at this time. See, e.g., United States v. Gallo, 1999 WL 9848, at *7 (S.D.N.Y. January 6, 1999); United States v. Perez, 940 F. Supp. 540, 543 (S.D.N.Y. 1996). The Government is reminded of this Court's views concerning the seriousness of its Brady obligations. United States v. St. Germain, 2004 WL 1171403, S.D.N.Y., May 11, 2004.

With respect to **all** Giglio and 3500 material, the Court directs that the defendant be provided with this material at least three business days prior to trial. Earlier, of course, would be better.

Although, the defendants are not entitled to a witness list at this juncture, the Court will need a complete witness list for voir dire. The Government is directed to provide defendants at least two days' notice of witnesses it intends to call on any particular day.

### (3) 404(b) Materials

By written order dated February 15, 2008, the Court schedule the trial of this matter for May 27, 2008. In that same order, the Court directed the Government to provide the defense with notice

-10-

of any 404(b) evidence it intends to introduce at trial by April 15, 2008, and the defendants to file any motion seeking to preclude such evidence by April 29, 2008.

The Court will rule on the 404(b) evidence and all *in limine* motions at the final pretrial conference, scheduled for May 9, 2008, at 3:00p.m.

### (4) Statements by Co-Defendants

Defendants request that the Government disclose any statements by their co-defendants, in order to assess whether any issues will arise at trial under Bruton v. United States, 391 U.S. 123 (1968) and/or Crawford v. Washington, 547 U.S. 36 (2004). See Angel Diaz Mem. of Law at 3; Victor Diaz Mem. of Law at 4; Jorge Cedeno Notice of Mot. at 1, Mem. of Law at 10-11.

While no specific discovery rule requires the Government to provide defendants with statements made by their co-defendants that might raise issues under Crawford or Bruton, proper case management requires that such statements be provided to the defense sufficiently in advance of trial so that those issues can be resolved pre-trial.

The Government will provide notice of any statements presenting a possible Bruton/Crawford issue within three days of this decision. If Bruton/Crawford motions will be made, they must be made prior to the April 2 conference. I will want this issue resolved on April 2.

### (5) Identity of Government Informants

Defendant Angulo-Aguirre asks the Court to compel the Government to disclose the identity of any confidential informants and cooperators.

Disclosure of the confidential informant is an "extraordinary remedy." United States v. Muyet, 945 F. Supp. 586, 602 (S.D.N.Y. 1996) (quoting Ortega v. United States, 897 F. Supp 771, 780 (S.D.N.Y. 1995)). The defendant bears the burden of showing the need for disclosure of an

-11-

informant's identity and to do so must establish that, absent such disclosure, the defendant will be deprived of the right to a fair trial. United States v. Fields, 113 F.3d 313, 324 (2d Cir. 1997).

"Disclosure of the identity of the identity or address of the a confidential informant is not required unless the informant's testimony is shown to be material to the defense." United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.1988). To satisfy the standard, the defendant must show more than simply that the informant was a participant in and a witness to the crime charged. Saa, 859 F.2d at 1073 (citing United States v. Jiminez, 789 F.2d 167, 170 (2d Cir. 1986)). Nor can defendant meet this burden by speculating on the Government's case against the defendant, or the informant's role therein. United States v. Brunson, No. 97 Cr. 398 (RSP), 1998 WL 146271 , at *2 (N.D.N.Y. Mar. 26, 1998). The fact that informants would be of assistance to the defense does not overcome the strong public interest in protecting the confidentiality of informants. United States v. Belin, 2000 WL 679138, at *10 (S.D.N.Y. May 24, 2000); see also, e.g., United States v. Martinez, 634 F. Supp. 1144, 1150 (S.D.N.Y. 1986).

Defendant Angulo-Aguirre has not made the requisite showing to warrant the extraordinary relief of compelling the Government to disclose its confidential sources. Defendant merely restates the legal standard for compelling disclosure of confidential sources and speculates that "the CI's or cooperators testimony would have relevant, admissible testimony to deliver that would negate the claim that defendant participated in a conspiracy." (Angulo-Aguirre Memo at 15). Angulo-Aguirre speculation is not sufficient to justify disclosure.

The motion to compel the Government to disclose informant- confidential source information is denied.

-12-

### *(6) Preservation of Notes and Memoranda by Law Enforcement*

Plutarco Angulo-Aguirre seeks an order requiring that law enforcement officers involved in the investigation of this case retain all notes and memoranda, regardless of whether the notes have been incorporated into formal reports, as well as initial drafts of any final reports. See Angulo-Aguirre Pretrial Mot. at 9, 19-20. The Government states that it is aware of its obligation to preserve discoverable evidence and to produce any notes of witness interviews that are not reflected in reports. The Government further states that it will also preserve any extant handwritten notes taken during witness interviews.

Based on the Government's representations, the Court need not take any action.

### *(7) Polygraph Reports*

Victor Diaz requests, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(F)(iii), an order directing the Government to disclose polygraph reports, relevant questions, and control questions. See Victor Diaz. Notice of Mot. at 2.

Courts in this Circuit have declined to order Government production of polygraph reports pursuant to Rule 16, as they are not scientific tests falling under the scope of Rule 16(a)(1)(F). See United States v. Feola, 651 F. Supp. 1068, 1146-47 (S.D.N.Y. 1987) (CLB); see also United States v. Amor, No. 92 Cr. 223 (NPM), 1992 U.S. Dist. LEXIS 16146, at *17-19 (N.D.N.Y. Oct. 16, 1992); United States v. Marquez, No. 91 Cr. 451 (SWK), 1992 U.S. Dist. LEXIS 5247, at *30-31 (S.D.N.Y. Apr. 22, 1992).

Defendant's motion to disclose polygraph reports pursuant to Rule 16(a)(1)(F)(iii) is denied.

### *(8) Further motions and Right to Join in Motions of Co-Defendant*

The time to file pretrial motions is over. The only additional motions the Court will entertain

-13-

are trial *in limine* motions.

To the extent a motion filed by any individual defendant was relevant to a codefendant, the Court considered the codefendant to have moved on the same ground.

<u>Scheduling</u>

The Court will hold a status conference with the trial defendants, on April 2, 2008, at 10:00a.m., at the White Plains courthouse. The Court will hold defendant Rodriguez's suppression hearing immediately following the conference.

This constitutes the decision and order of the Court.


March 14, 2008

U.S.D.J.

BY FAX TO:

**Nola Breglio Heller**
U.S. Attorney's Office, White Plains
300 Quarropas Street
White Plains, NY 10601
Fax: (914)682-3392

**Michael Frederick Keesee**
Michael F. Keesee
327 Irving Avenue
Port Chester, NY 10573
Fax: 914 937-3950

**Paul Peter Rinaldo**
Grossman & Rinaldo
108-18 Queens Boulevard, 8th Floor
Forest Hills, NY 11375
Fax: (718) 793-0894

**George Edward Fufidio, Jr.**
Mancuso Rubin & Fufidio
1 North Broadway
White Plains, NY 10601
Fax: (914)-686-3478

**Michael Kennedy Burke**
Burke, Miele & Golden, LLP
100 Washington Avenue, Post Office Box 397
Suffern, NY 10901
Fax: (845) 294-7673

**Theodore Samuel Green**
Green & Seifter, Attorneys, PLLC
One Lincoln Center, Suite 900, 110 W. Fayette Street
Syracuse, NY 13202
Fax: (914) 948-8730

**Clinton Warren Calhoun**
Briccetti, Calhoun and Lawrence
81 Main Street
White Plains, NY 10601
Fax: 914-946-5906