# BURKE, MIELE & GOLDEN, LLP
100 WASHINGTON AVENUE
POST OFFICE BOX 397
SUFFERN, N.Y. 10901
(845) 357-7500
FAX (845) 357-7321

PATRICK T. BURKE
ROBERT M. MIELE *
RICHARD B. GOLDEN
MICHAEL K. BURKE
———
DENNIS J. MAHONEY, III
KELLY M. NAUGHTON**
KARIN T. ANTIN
———
JOSEPH P. MCGLINN (1941-2000)

* ADMITTED IN NEW YORK & NEW JERSEY
** ADMITTED IN NEW YORK & MASSACHUSETTS

May 2, 2008

REPLY TO:   ☐ ORANGE CO.
            ☐ ROCKLAND CO.

Respond to Post Office Box

ORANGE COUNTY OFFICE:
30 MATTHEWS STREET
SUITE 303A
POST OFFICE BOX 216
GOSHEN, N.Y. 10924
(845) 294-4080
(845) 294-7673 (FAX)

Honorable Colleen McMahon
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

Re:  United States v. Angulo-Aguirre, et al (Victor Diaz)
     07 CR 387 (CM)

Dear Judge McMahon:

This letter is submitted on behalf of my client Victor Diaz in opposition to the government's letter motion dated April 15, 2008, seeking permission to introduce other acts evidence pursuant to FRE 404(b) at the trial of this matter. Mr. Victor Diaz opposes that motion and, for the reasons stated below, it should be denied.

As to Mr. Victor Diaz, the government's motion with respect to "other acts," is comprised of two parts: uncharged allegations and prior convictions.

The uncharged allegations with respect to Victor Diaz are found on page 3 of the government's motion, items (a), (d), (e), (g) and (h). In these items, co-defendant Angulo-Aguirre and "one or more participants in the charged conspiracy" are alleged to have committed:

(a)  Angulo-Aguirre's, Victor Diaz's, and one or more other participants in the charged conspiracy's burglary of a warehouse in Blauvelt, New York (the same warehouse from which the truck described in Counts Two and Five of the Indictment departed) on or about July 4, 2006, as well as their repeated attempts to hijack trucks leaving from that warehouse in or about summer 2006;

The prior convictions of Mr. Victor Diaz that the government seeks to use are found at pages 9-10 of its motion and consist of the following:

(a) On or about June 7, 1995, Victor Diaz was arrested in Glen Rock, New Jersey for burglary and theft from a motor vehicle, in conjunction with an incident in which Diaz and several others stole merchandise from a Mandee's delivery truck and fled the scene. Diaz subsequently pleaded guilty to theft in the third degree and was sentenced to four years' probation.

(b) On or about June 6, 2006, Victor Diaz was arrested in Miami for burglary of an unoccupied conveyance, in conjunction with his theft of a computer from a Federal Express truck. Diaz subsequently pleaded guilty to grand theft in the third degree and was sentenced to one year of probation.

The government argues that the uncharged allegations are admissible as direct proof of the charged crimes and pursuant to rule 404(b), Federal Rules of Evidence, as background evidence and as rebuttal to certain defenses that the defendants may raise. In addition, the government argues that the prior convictions are admissible under Rule 404(b) for the same reasons. The government also contends that this evidence should not be excluded under Rule 403, that it is admissible as part of accomplices' testimony, and that the prior felony convictions are admissible under Rule 609(a) as impeachment should any defendant testify at trial.

Because the government has not provided a sufficient legal or factual basis for the admission of the proffered evidence, and because the prejudice from such evidence far outweighs its probative value and would deprive Victor Diaz of a fair trial, the government's motion should be denied.

2

**ARGUMENT**

The Court must be extremely careful to guard against the danger that a defendant will be convicted because of proof of other offenses rather than because the government has introduced evidence sufficient to prove beyond a reasonable doubt that the defendant is actually guilty of the offense for which he is being tried.

Such evidence must be narrowly circumscribed and limited. The criminal conduct must in some cases be similar to the offense charged; and the conduct must be introduced to prove an element of the charged offense that is a material issue in the case and the defendant has to be connected to it. Otherwise mini-trials as to each other uncharged transaction will occur.

Even if a proffered item of evidence can be pigeon-holed in a category, it must nonetheless be relevant to establish an element of the offense that is a material issue. While proof of other conduct may or may not be relevant with regard to relevant conduct which would be argued in a subsequent proceeding, the evidence must clearly show that the defendant was aware of the other offenses and actively sought to bring about its ultimate purpose.

Victor Diaz contends that the "other acts" evidence – both the uncharged allegations and the prior convictions – should be excluded for the following reasons:

1. **The Uncharged Allegations Are Not Admissible As Direct Proof Of The Crimes Charged**

The government contends that the evidence of uncharged allegations constitutes direct proof of the indicted offenses and therefore is admissible. While uncharged acts may at times constitute direct evidence of charged acts, e.g., the existence of a conspiracy, *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994), that is not always the case. The Court in *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000), stated that such evidence would be subject to Rule 404(b)'s strictures "if it arose out of the same transaction or series of transactions, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." The government's motion fails to make a case for admission of this evidence as direct proof.

The uncharged allegations as to Victor Diaz, are theft crimes of property from a warehouse and trucks but do not involve allegations of truck hijackings, kidnapping of the drivers or the use of weapons. The government has not explained how they are inextricably interwoven or how this uncharged offense is necessary to complete the story of the charged offenses. They do not appear so inextricable and one can easily imagine a story about truck hijackings and kidnappings without hearing about warehouse and truck thefts.

The government's proffered evidence of "repeated attempted hijackings from the same warehouse" suffers from the same deficient showing. The government's failure to detail the evidence it proposes to offer, and its failure even to attempt to explain how it is inextricably interwoven with the evidence of the charged offenses or essential to the story of those offenses, make it impossible to conclude that such evidence is properly admissible. The government has provided only a few bare details of the uncharged attempts, and apparently is unable to fix to a date for any of them. More telling is the government's use of the legalistic and conclusory term "attempted hijacking" without describing any of the conduct. This

3

language says nothing about the conduct that is the subject of the proffered evidence, since an attempted crime is shown when the requisite intent is present along the conduct amounting to a "substantial step" toward the commission of the crime. *United States v. Yousef*, 327 F.3d 56, 134 (2d Cir. 2003), quoting *United States v. Rosa*, 11 F.3d 315, 337 (2d Cir. 1993). Obviously, that standard is a flexible one and can embrace conduct that is far removed from a completed crime. Without any description of the conduct itself from the government, there can be no meaningful evaluation of the government's claim that it is indeed inextricably interwoven with or a necessary part of the story of the charged conduct. The government's own conclusion that it is should not substitute for Your Honor's.

As the proponent of the evidence of uncharged allegations, the government has the burden to establish the admissibility of that evidence. It contends that the evidence constitutes direct proof of the crimes that have been charged. However, since it has not shown why such evidence is inextricable from or essential to the story of the charged offenses, the government has not carried its burden. The proffered evidence should be rejected as direct proof of the crimes charged.

2.  **The Uncharged Allegations and Prior Convictions Are Not Admissible Under Rule 404(b)**

The government advances various arguments for the admission of the proffered other acts evidence under Rule 404(b), which permits evidence of other crimes, wrongs and acts under certain circumstances but not to show criminal propensity or bad character. Because the proffered evidence would do nothing but show criminal propensity and bad character, it should be rejected.

(a)  **The Uncharged Allegations**

The government first contends that "background evidence of prior crimes is admissible under Rule 404(b)." (Gov't Motion at p. 14). However, Rule 404(b) does not identify "background evidence," as one of the permissible uses of other acts evidence, and for good reason: such a permissible use would swallow the Rule itself. Everything is background.

To the extent that case law seems to suggest otherwise, a closer inspection shows that other acts evidence has been permitted in some conspiracy cases to show how the relationship developed or explain the mutual trust that existed, where those issues were relevant. *See, e.g., United States v. Rosa*, 11 F.3d 315, 334 (2d Cir. 1993) and cases cited therein. There is no contention or showing by the government that those issues are relevant here. Even if they were, there has been no showing how theft crimes or some ill-defined "attempted" hijackings would be relevant to those issues. There simply is no broad "background evidence" portal for the government to drive through, and, as the proponent of the evidence, it has not shown how the proffered evidence is relevant to any issue related to the conspiracies charged in this case.

Additionally, the government tries to find a place for the uncharged allegations in Rule 404(b)'s list of permissible uses of such evidence. It claims that such evidence is admissible to rebut a defense based on "motive, opportunity, intent, knowledge or mistakes." (Gov't Motion at

4


defendant asserts "that his conduct has an innocent explanation."

Further, the Second Circuit has repeatedly held that intent is not placed in issue by a defense that the defendant did not do the charged act at all. *See United States v. Sampson*, 385 F.3d 183, 193 (2d Cir. 2004); *United State v. Ortiz*, 857 F.2d 900, 904 (2d Cir. 1988).

Where a defendant relies on a defense that he did not do the charged at all, Rule 404(b) would permit other act evidence to show "identity." However, the government does not even try to justify its proffered evidence on this ground. It makes no effort to detail the evidence it seeks to introduce or to establish similarities with the charged offenses so distinctive as to be in effect a signature of the defendants. *United States v. Sampson*, *id.* at 192, fn. 7; *United States v. Mills*, 895 F.2d 897 (2d Cir.) cert. denied, 495 U.S. 951 (1990); Weinstein's Evidence Manual, §7.01[5][d][iv].

In fact, apart from its "background" argument, the government has little to say about how the uncharged allegations are properly admissible under Rule 404(b), expect to say the evidence will be needed to rebut defenses that are not likely to be presented. The evidence clearly is not admissible as to the defense, i.e., identity, that is likely to be presented. The government should not be permitted to gain admission of the proffered evidence in this manner.

(b)   The Prior Convictions

Similarly, the government contends that some of Victor Diaz's and the other defendants' prior convictions are admissible to rebut "their expected defenses that they lacked the knowledge, intent, opportunity or motive" to commit the charges crimes. The source of this expectation is not revealed. In any event, a defendant's assertion that he did not do the crime at all does not place intent in issue. *Sampson*, *id*; *Ortiz*, *id.*, nor does it raise any issue with respect to knowledge, accident or mistake.

For that reason, the cases relied on by the government such as *United States v. Brown*, 961 F.2d 1039 (2d Cir. 1992) and *United States v. Cassell*, 292 F.3d 788 (D.C. Cir. 2002), are not persuasive. Both cases involved possessory crimes involving weapons where knowledge and the absence of accident or mistake, i.e., innocent possession, were in issue. In those cases, prior acts of weapons possession were found properly admissible as to those issues. The same cannot be said of the present case which does not involve possessory crimes or claims of accident or mistake.

The government does not particularize any of Victor Diaz's prior convictions in its argument to show why they would be admissible under Rule 404(b). They appear to bear no resemblance or relevance to the charged crimes. The only effect of admitting these prior acts would be to show that Victor Diaz has a propensity to commit crimes and thereby would deprive him of any hope of a fair trial.

5

3. **Even if other acts are relevant, they should be excluded under 403 since the prejudice resulting from them outweighs their probative value.**

Rule 403 of the Federal Rules of Evidence provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice (or) confusion of the issues. This balancing is mandated under the 404(b) analysis:

Once the prerequisites have been satisfied, the evidence is admissible for those purposes permitted by 404(b) if the court determines that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*Bailleaux*, 685 F.2d at 1110.

In undertaking the balancing analysis, the trial court should also consider the need for evidence of prior criminal conduct to prove a particular point. *Id* at 12112 (citations omitted). Thus, the evidence should not be admitted unless there is an identifiable need for it. Taking into account the potential for unfair prejudice and the lack of any need for this evidence the court should exclude any Rule 404(b) evidence. Even if any of the previously discussed acts are somehow marginally relevant to the instant charge, the evidence should nonetheless be excluded as admission of these incidents would tend to unfairly prejudice the jury against Victor Diaz.

In *United States v. Shackleford*, 738 F.2d 776 (7th Cir. 1984) *citing* 2 J. Weinstein and M. Burger, *supra*, paragraph 404(16) at 404-93 said:

a defendant cannot be identified as the perpetrator of the charged acts simply because he has at other times committed the same commonplace variety of criminal acts except by reference to the forbidden inference of propensity. The question for the court is whether the characteristics relied upon are sufficiently idiosyncratic to permit the inference of pattern for the purpose of proof."

The Government must come forward and meet its burden of proof and show the reliability of this "evidence" before the court can make an appropriate evaluation. Once it does, Victor Diaz is satisfied that it will fail in its effort. Mr. Diaz wishes to be tried on the facts of this case and not on other uncharged events that lack credibility, proof, reliability, and inherent relevance. The stakes are far too high to permit anything less. Without such evidence the Government may have a more difficult time in proving this case, and that is why it are seeking to bolster its allegations.

Other Circuits have affirmed that other acts evidence is disfavored because "the defendant must be tried for what he did, not for who he (or she) is. Thus guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." *United States v. Mayans*, 17 F.3d 1174 (9th Cir. 1994).

Victor Diaz contends that the prejudicial effect of the proffered evidence far outweighs any probative value it may have and, as a result, the evidence should be excluded pursuant to Rule 403. In deciding whether to exclude evidence under Rule 403, the trial court is required to

9

perform a balancing analysis and may exclude evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Rule 403; *see also United States v. Peterson*, 808 F.2d 969, 974 (2d Cir. 1987). The balancing analysis in the present case should lead the Court to exclude the proffered evidence.

In Weinstein's Evidence Manual, §7.01[5][b][vii], a list of factors suggested for consideration in determining the probative value of proffered evidence shows the government's shortcomings in this case:

- Similarity between the charged and uncharged acts. (Little or none as to the prior convictions; unknown as to the uncharged allegations because they are insufficiently detailed);

- Reliability of the evidence being proffered. (Little or none as to the uncharged allegations since that evidence comes from accomplices, lacks corroboration and is remarkably imprecise in its details);

- The remoteness of the other acts, in terms of time and subject matter. (Victor Diaz's prior convictions are remote both in time and subject matter; the remoteness of the uncharged allegations in terms of subject matter cannot be determined;

- The theory of admissibility. (As described in detail above, none of the government's arguments in favor of admissibility is persuasive);

- The proponent's need for the evidence. (No showing made by the government as to its need);

- Whether proponent introduced other evidence to prove the fact the "other acts" evidence was offered to prove, thus lessening the prejudicial effect of the other acts evidence. (No showing made by the government as to what other evidence it may present to lessen the prejudicial impact of the proffered evidence); and

- The factual detail incorporated in the proponent's offer of proof. (Little or none as to both the uncharged allegations and the prior convictions).

In every aspect, the government's proffered evidence is diminished in terms of its probative value. The prejudice, on the other hand, is substantial.

The prejudice that is to be weighed against the probative value of the other crimes evidence, of course, is not the prejudice that results from the admission of any telling piece of evidence; it is prejudice resulting from the tendency of the evidence to suggest the propriety of finding the defendant guilty not for committing the charged acts, but because he or she is a bad person and deserves to be punished.

Weinstein's Evidence Manual, *id.*, *see also United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006). The kind of prejudice that results from improperly admitted other acts of evidence undermines the presumption of innocence and the defendant's right to a fair trial on the charges brought against him.

7

As shown above, the government's proffered evidence is on shaky footing in terms of admissibility and probative value. The prejudice to the defendants that would result from admitting it does far beyond the fact it is telling in some way. While proving little as to the charges, the evidence show propensity and paints each defendant as a "bad person...[who] deserves to be punished." In other words, its prejudicial effect of the proffered evidence substantially outweighs its probative value.

4.  **The Evidence, Not Otherwise Admissible, Is Not Rendered Admissible To Explain Accomplice Witness Participation In The Acts**

The government argues briefly, at page 20 of its motion, that the proffered evidence is needed so that its accomplice witnesses can testify fully as to this participation in these acts. However, this is not a basis to hold evidence admissible that otherwise would be excluded. Further, the cases cited by the government do not support its position with respect to other acts evidence. *United States v. Coonan*, 938 F.2d 1553 (2d Cir. 1991), involved the admissibility of gang acts before the defendant in that can join the gang and, according to the Court, was admissible to show the existence of a RICO enterprise. The court in *United States v. Louis*, 814 F.2d 852 (2d Cir. 1987), found it permissible for an accomplice witness to testify as to his own conviction. Neither case involved an accomplice testifying about a defendant's uncharged acts or prior convictions. The government will simply have to prepare its witnesses to avoid matters that are not admissible under evidentiary rules, and the defense similarly will have to be careful in its cross-examination of these witnesses and its arguments.

5.  **Impeachment Evidence Under Rule 609**

The government asserts that it will seek to cross-examine any defendant who testifies at trial with the felony convictions it lists in its motion at section I(B). As to Mr. Victor Diaz, his March 24, 1995 arrest resulted in a conviction on September 7, 1995, and a one-year sentence, which places it outside of the time limit provided in Rule 609(b). That conviction therefore should not be allowed for impeachment purposes. As to Mr. Victor Diaz' conviction on May 21, 1999, that resulted in a 10 year sentence, the Court in its discretion should preclude the government from eliciting the details of the offense underlying that conviction should Mr. Victor Diaz testify.

## Conclusion

For all the foregoing reasons, the Court is respectfully asked to preclude the government from introducing the proffered evidence of uncharged allegations and prior convictions involving Victor Diaz.

Mr. Victor Diaz joins the arguments and motions in limine if applicable of his co-defendants in opposition to the government's motion, to the extent those arguments are applicable to him.

Respectfully submitted,

*/s/ Michael K. Burke*

MICHAEL K. BURKE

Cc: Nola Heller/Michael A. Levy (by ECF)
    Assistant United States Attorneys

    Defense Counsel (by ECF)